IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANTHONY JOSEPH BROWN
by and through his father,
JOSEPH DAVID BROWN,

              Plaintiff,

v.                                               CIVIL ACTION NO. 3:09-0279

CABELL COUNTY BOARD OF EDUCATION,
WILLIAM A. SMITH in his official capacity as
superintendent of Cabell County Schools, and
GREG WEBB in his official capacity as principal of
Huntington High School,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss (Doc. 18). In their memorandum in support of the motion Defendants rely heavily upon evidence referenced in the Court's Memorandum Opinion and Order of March 30, 2009 (Doc. 17) ("March 30th Order) – in which the Court denied the Plaintiff's motion for temporary restraining order and preliminary injunction. Because the March 30th Order did not make any final factual determinations – but merely recited evidence to explain its decision on Plaintiff's likelihood of success – the Court will not consider it in resolving the motion to dismiss. The Court hereby **DENIES** Defendants' motion. The parties are **ORDERED** to plan the course of discovery and further litigation as outlined in the forthcoming Order and Notice.

**Background**

On March 20, 2009, Plaintiff, Anthony Brown, filed a complaint with this Court and simultaneous motions for a temporary restraining order and preliminary injunction. Brown was suspended from Huntington High School after twice writing "Free A-Train" on his hands and refusing to remove the message. He argues that by suspending him, the school infringed upon his constitutional right to free speech, as guaranteed by the First Amendment.

The Court held a hearing on March 24, 2009, to take evidence and consider the motions for temporary restraining order and preliminary injunction. At that hearing, Gregg Webb, principal of Huntington High School, testified about disruptions surrounding the "Free A-Train" slogan. He drew connections between this slogan and a fear of gang violence among students and teachers. Defendants also presented documentary evidence in the form of written statements of teachers and emails from parents. These documents supported the testimony of Principal Webb. Based upon this evidence, the Court decided to deny the motions for temporary restraining order and preliminary injunction. In the March 30th Order, the Court explained that an exception to the right of free speech in schools is speech "that materially disrupts classwork or involves substantial disorder or invasion of the rights of others." March 30th Order at 7 (citing *Tinker v. Des Moines Indep. Comty. Sch. Dist.*, 393 U.S. 503, 513 (1969). The Court found, based upon this standard and the evidence presented at the hearing, Plaintiff was not likely to succeed on the merits of the case. It further found that none of the other factors to be considered in a review of motions for temporary restraining order or preliminary injunction supported the immediate relief requested by Plaintiff.

Defendants filed the instant motion to dismiss relying in large part on the evidence referenced in the March 30th Order. They contend that the Order is a matter of public record and that

the Court should take judicial notice of the facts therein.  Because the facts stated in that Order support a finding for the Defendants they urge that their motion to dismiss be granted.  Plaintiff argues that he should have the opportunity to engage in discovery in order to contest the evidence as presented during the March 24th hearing.

**Discussion**

In resolving a motion to dismiss, a court must construe factual allegations in the light most favorable to the non-moving party.  *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009).  To survive a Rule 12(b)(6) motion to dismiss, "the facts alleged 'must be enough to raise a right of relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Typically, a motion to dismiss must be decided upon the face of the complaint.  *George v. Kay*, 632 F.2d 1103, 1006 (4th Cir. 1980).  Exceptions, however, exist.  For example, a common exception applies "when a defendant attaches a document to a motion to dismiss . . . if it was integral to an explicitly relied on the complaint and if the plaintiff's do not challenge its authenticity."  *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotations omitted).  A court may also "take judicial notice of matters of public record."  *Sec' y of State of Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Hall v. Virginia*, 385 F.3d 421, 424 n. 3 (4th Cir. 2004);  *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986).

Although, the March 30th Order is now a part of the public record, the exception permitting a court to take judicial notice of facts is limited.  Federal Rule of Evidence 201 governs "Judicial Notice of Adjudicative Facts."  It provides,

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

Fed. R. Evid. 201(b).

All of the evidence presented at the March 24th hearing and recounted in the March 30th Order is subject to reasonable dispute. It is possible that Principal Webb and those who submitted documentary evidence exaggerated fears at Huntington High School or the disruptions attributed to those fears. The particular nature of student and faculty life at Huntington High School during the events in question is not a fact "generally known within the territorial jurisdiction of the trial court." *Id.* While principal Webb is certainly a man of importance in the community and seems to be a man of integrity and intelligence, he is not so authoritative as to be a "source[] whose accuracy cannot be reasonably questioned." *Id.* The accuracy of documents submitted during the hearing may likewise be challenged. In short, the facts recited in the March 30th Order were based solely upon the evidence at that stage of litigation – without the benefit of discovery– and may not control the ultimate outcome in this case. The Court did not make factual findings, but merely relied on the evidence presented to determine Plaintiff's likelihood of success on the merits. Evidence referred to in the March 30th Order is not proper for judicial notice in the context of a 12(b)(6) motion to dismiss and will not be considered for purposes of the instant motion.

Having decided not to consider evidence from the March 30th Order and focusing on Plaintiff's Complaint (Doc. 1),[1] it is a simple matter to resolve the motion to dismiss. Plaintiff

---

[1] Defendant also proffered an argument that the Court should consider the Motion for Preliminary Injunction; Motion for Temporary Restraining Order; and the Memorandum of Law in
(continued...)

claims that he was suspended after refusing to wash the written message "Free A-Train" from his hands. He further alleges that he "did not materially or substantially interfere with the requirements of appropriate discipline in the operation of the school, nor did he collide with the rights of others." Pl.'s Compl. at 4. Students retain a right to free speech at school. *Tinker*, 393 U.S. at 506. Because of this right, "public educators must accommodate some student expression even if it offends them or offers views or values that contradict those that the school wishes to inculcate." *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 280 (1988) (quoting *Cantwell v. Connecticut*, 310 U.S. 296 (1940)) (internal brackets and citations omitted). Although school administrators do have the ability to restrict speech in certain situations, these situations serve as exceptions to the general rule. *See* March 30th Order at 6-7, 7 n.3 (citing *Tinker*, 393 U.S. 503; *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675 (1986); *Hazelwood Sch. Dist.*, 484 U.S. 260; *Morse v. Federick*, 551 U.S. 393 (2007)). The facts as alleged in the complaint do not support a finding that any exception is applicable. Plaintiff will have the opportunity to pursue discovery in order to rebut evidence presented at the March 24th hearing. As such, Plaintiff has stated a claim upon which relief can be granted and enough facts to raise a right of relief above the speculative level. Defendants' Motion to Dismiss is **DENIED**.

---

[1](...continued)
Support of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, which were each attached to Defendant's Motion to Dismiss. These documents contain legal arguments based upon the complaint and a single one-page document submitted to support facts stated within the complaint. They are not considered as they offer no adjudicative facts in addition to those alleged in the complaint.

**Conclusion**

For the above stated reasons, the Defendants' Motion to Dismiss is **DENIED**. Parties are **ORDERED** to confer and determine a plan for discovery and further litigation as outlined in the forthcoming Order and Notice. Lastly, the Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 22, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE